In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00197-CR
______________________________


ADAM SALAZAR RIVAS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 32,080-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            Faced with the State's allegations that he violated the terms of his community supervision,



Adam Salazar Rivas rejected the State's plea offer of four years' confinement and, at his adjudication
hearing, pled "true" to the allegations and sought a better sentencing deal from the trial court. He
now appeals the resulting seven-year sentence. Rivas asks us to find the trial court erred in not
granting him a new trial


 "in the interest of justice" because, in essence, the State did not live up to
its end of a negotiated plea agreement regarding punishment. Rivas also contends his sentence is
disproportionate to his offense. We overrule both points of error and affirm the trial court's
judgment.
 
 
 
(1) The Trial Court Was Within Its Discretion In Not Granting a New Trial
            In his first point of error, Rivas contends the trial court erred in failing to grant him a new
trial "in the interest of justice." We review a trial court's ruling on a motion for new trial for abuse
of discretion. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). The crux of Rivas' complaint
is he was unfairly denied the right to testify at the hearing because he thought the State would
recommend a maximum of four years' confinement if he did not testify. Because the State did not
abide by what Rivas thought was a negotiated plea agreement concerning disposition, Rivas argues
he should receive a new trial. 
            The record before us does suggest the State had made an offer to Rivas for an agreed
punishment recommendation of four years' confinement. The record also, however, affirmatively
shows Rivas rejected that offer. At the adjudication hearing, this exchange took place:
The Court:   Are we—this is a plea of true[,] but we're contesting the disposition?
Defense Attorney: Yes, sir.
Moreover, in his closing argument at the adjudication hearing, Rivas asked the trial court to consider
sending him to the Northeast Texas treatment center or "to consider a sentence on the lower end of
the punishment scale." Rivas did not ask to be sentenced in accordance with any negotiated plea
agreement with the State. The State responded to Rivas' punishment with an argument for seven
years' imprisonment. The trial court followed the State's recommendation. Finally, at the hearing
on his motion for new trial, Rivas' trial counsel conceded that he had told Rivas "that if [Rivas]
wanted rehab the State would not be bound by that offer, that they could make that offer or they
could offer or—they could recommend more to the Court." 
            The trial court denied Rivas' motion for new trial because it concluded Rivas had rejected
the State's plea offer and, therefore, the State was not limited to recommending four years'
confinement, even though Rivas had not testified on his own behalf. The record before us supports
such a conclusion by the trial court. Rivas took multiple, affirmative steps to reject the State's offer. 
With the rejection of its offer on an agreed disposition, the State was free to make any punishment
recommendation in accordance with the applicable law. Thus, we cannot say the trial court abused
its discretion in denying Rivas' motion for new trial.
(2) Rivas Has Not Preserved Any Error Regarding Disproportionate Sentencing
            In his second point of error, Rivas contends the trial court assessed a punishment that is
disproportionate to his crime. To preserve this issue for appellate review, Rivas must have raised
the issue before the trial court. See Hookie v. State, 136 S.W.3d 671, 679–80 (Tex.
App.—Texarkana 2004, no pet.). A review of the entire record in this case shows Rivas did not raise
this issue at the trial court level. As such, nothing has been preserved for our review.
 
 
 
 
            We overrule Rivas' points of error and affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 23, 2005
Date Decided:             December 28, 2005

Do Not Publish